■ EDITH D. BOND et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 41448.) — MEMORANDUM BY THE COURT. The judgment from which the State appeals awarded damages for the appropriation of property in the City of Binghamton consisting of approximately three acres of land with three frame two-story dwellings, one of which was designed for one-family use and the others for two-family occupancy, all of considerable age and none of architectural distinction, with appurtenant garages and other outbuildings. The Court of Claims' decision by implication correctly rejected the theory, advanced without proof as to the cost or practicability of conversion, that the property was suitable for use as a nursing home, rest home or school for retarded children; but the court's finding of possible civic use or use for Summer camp purposes is unsupported by any evidence. The Court of Claims found "that the fair and reasonable *market value* of the subject property before the taking was $107,100 " (emphasis supplied) and, all of claimants' property being taken, that the damage was in that amount. It appears from the record beyond dispute, however, and, indeed, is obvious from the language of the decision following that above quoted, that the award does not represent "fair and reasonable market value", as specified in the decision, but that "$28,750 represents direct damage to land * * * and the balance represents loss of improvements", the latter being valued, according to the record, solely at reproduction cost, less depreciation. In addition to the buildings, claimants' expert evaluated separately and included in his appraisal such items as trees, topsoil, walks and driveways and a cellar; these four relatively minor items approximating the valuation of $15,000 at which the entire property was carried on the tax assessment rolls. Market value is the basic criterion of value and the ultimate one as well, when a market does, in fact, exist. That in this case a market existed is the necessary implication of the decision and, indeed, of claimants' expert evidence. Although cost is one of several factors which may be shown as an aid and guide to the court's evaluation of the proof of market value, it is hornbook law that market value is not cost but the price which would be paid upon a sale between a willing seller and a willing buyer. The decision is contrary to law (see *Levine* v. *State of New York*, 24 A D 2d 524, and cases there cited) and the award is excessive in amount. Judgment reversed, on the law and the facts and in the interests of justice, without costs, and a new trial ordered. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.