**C F & I STEEL CORPORATION, Appellant (Plaintiff below),**

v.

**STATE BOARD OF EQUALIZATION for the State of Wyoming, Appellee (Defendant below).**

No. 3999.

Supreme Court of Wyoming.

Jan. 10, 1972.

Frederick Loomis, of Loomis, Lazear, Wilson & Pickett, Cheyenne, for appellant.

Robert J. Oberst, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This case involves a dispute over the appellee-State Board of Equalization's valuation, placed upon the gross production of iron ore mined by appellant-C F & I Steel Corporation, for purposes of the county ad valorem tax and State severance tax.

Appellant owns an iron mine located in Platte County, Wyoming, from which it produces iron ore known as hematite. The ore is removed from the mine, beneficiated at a plant located at the mine and transported by rail to appellant's steel mill at Pueblo, Colorado. Appellant does not keep records of the iron content of the ore as it comes from the mine nor of the amount or tonnage of such production as it comes from the mine. Appellant records the measurement of the amount of beneficiated product after the beneficiation process and makes an analysis of the iron content at such time prior to or at the time of loading the beneficiated ore onto freight cars for shipment to Pueblo. Appellant reported to appellee that its production for the year 1969 contained iron content of 52.1 percent.

The iron ore as it is received at appellant's steel mill at Pueblo is used by appellant to feed its blast furnaces at the steel mill. The ultimate result of appellant's steel mill operations is finished steel products which appellant markets worldwide, but principally in the Rocky Mountain West.

Appellant is required by § 39–223, W.S. 1957, and § 39–227.3, W.S.1957 (1971 Cum.Supp.), to report to appellee its gross production of ore during the preceding calendar year. From the report appellee is required to value said production pursuant to § 39–224, W.S.1957, for purposes of the county ad valorem taxes and State severance tax. On February 12, 1970, appellant filed with appellee its report disclosing the tons of hematite iron ore produced in 1969, the content of such ore being 52.1 percent iron content, transportation costs of such ore from the mine to the steel mill at Pueblo in the amount of $4.04, beneficiating costs of $1.663, and mining costs of $3.326 per ton. Appellee determined that there existed in the Rocky Mountain region no actual market wherein significant amounts of iron ore were bought and sold. Upon the basis that appellant's finished products command prices in the market similar to those of finished steel producers in the lower lake area,[1] appellee deter-

1. Lower lake price is established by the Iron Ore Association for iron ore mined in the Mesabi Range of Minnesota. Such iron ore is shipped from the mines in Minnesota to points of sale or delivery on the lower Great Lakes. It is at this point that the lower lake price is representative of the prices paid for different grades of iron ore. The market area for such iron ore consists of the steel

mined the lower lake price for hematite iron ore of 52.1 percent iron content of $9.755 per ton to be the equivalent of the market value of appellant's iron ore at Pueblo. In order to determine the market value of appellant's hematite iron ore at the mine, appellee deducted from the market value at Pueblo transportation costs in the amount of $4.04, mining costs in the amount of $3.326, and beneficiating costs of $1.663, resulting in a profit margin of $0.726. This profit was allocated to the activities of appellant with regard to its iron ore production, mining, and beneficiating in the proportion which each such cost bore to the total of both costs. This resulted in an allocation of two-thirds of such profit to mining costs and one-third of such profit to beneficiating costs. Two-thirds of the profit ($0.484) was added to mining costs ($3.326) resulting in a total market value of appellant's hematite iron ore production at the mine of $3.81 per ton. For the year 1969, and prior thereto, appellant's iron ore had been assessed at a value of $2.54 per ton. Appellee determined that the increase in assessed valuation should be accomplished in two annual steps and thereafter notified appellant that the assessed value of appellant's 1969 iron ore production for purposes of 1970 taxation would be $3.17 per ton, or midway between $2.54 and $3.81 per ton.

Whereupon appellant filed its protest to the valuation by the board together with its request for oral hearing. Pursuant to §§ 9–276.25 through 9–276.33 of the Wyoming Administrative Procedure Act, W.S. 1957 (1971 Cum.Supp.), and Rules and Regulations of the Board, a hearing was held before the board at which hearing appellant argued that the value for assessment purposes should be the cost of mining said ore, which was $3.326 per ton. The board made findings of fact and conclusions of law and, on October 21, 1970, entered its order which provided that the assessment heretofore made by the board was a proper valuation and that it should remain in full force and effect.

Following the entry of this order the appellant, pursuant to § 9–276.32 of the A.P. A., W.S.1957 (1971 Cum.Supp.), filed its petition for review before the district court in which it claimed that it was entitled to relief from said order for the following reasons:

"(a) The Order entered October 21, 1970, is not in conformity with law.

"(b) The findings of fact are not supported by substantial evidence.

"(c) The Order entered October 21, 1970, is arbitrary and capricious, or is characterized by an abuse of discretion."

The parties stipulated and agreed that argument before the district court could be submitted upon briefs, and subsequent to the filing of briefs the matter could be heard by the court on oral argument. After considering the pleadings, testimony, and briefs of the parties the trial court issued its memorandum opinion affirming the order of the board. Subsequently, the district court entered judgment which contained the following specific findings:

"1. That Defendant did not act without or in excess of its powers.

"2. That the decision or Order of Defendant dated October 1, 1970 in this matter was not procured by fraud.

"3. That Defendant's Order herein dated October 21, 1970 is in conformity with law.

"4. That the Findings Of Fact in Defendant's Order herein of October 21, 1970 are supported by substantial evidence.

"5. That the decision or Order herein of Defendant dated October 21, 1970 is

---

mills located in Michigan, Indiana, Illinois and parts of Ohio and Pennsylvania. The steel mills in the lower lake area produce finished steel products similar to those of appellant, which finished steel products are sold by the lower lake area steel manufacturers worldwide and in the midwest and eastern seaboard regions at prices similar to those received by appellant for its finished steel products.

not arbitrary, capricious or characterized by abuse of discretion.

"6. Generally in favor of Defendant and against Plaintiff."

Whereupon appellant filed its notice of appeal. The proceeding before this court is authorized by § 9–276.33 of the A.P.A., W.S.1957 (1971 Cum.Supp.), and is governed by Rule 73, W.R.C.P.

The appellant argued that it was entitled to relief because the board's method of valuing said iron ore was not in conformity with law, was not supported by substantial evidence, was arbitrary and capricious, and represented an abuse of discretion.

We believe that we are not called upon to determine if the appellant's method for determining the valuation should have been employed by the board. The question before us is whether or not the method used by the board to determine values was proper. As was true in the *McDermott* [2] case the basic issue in this case is the propriety of the board's valuation of appellant's iron ore.

■ Pursuant to § 9–276.32(c) of the A.P.A., W.S.1957 (1971 Cum.Supp.), the trial court's review of the action of the board was limited to a determination of whether or not:

"(1) The agency acted without or in excess of its powers;

"(2) the decision or other agency action was procured by fraud;

"(3) the decision or other agency action is in conformity with law;

"(4) the findings of facts in issue in a contested case are supported by substantial evidence; and

"(5) the decision or other agency action is arbitrary, capricious or characterized by abuse of discretion."

We have examined the record and are convinced that the trial court was correct in its determination that the action of the board should be affirmed.

■ In support of its contention in that the value for tax purposes should be its cost, appellant cited *McDermott, supra,* 370 P.2d at 368, wherein we said:

" * * * the rule is well settled that the value of personal property for purposes of taxation should be estimated according to the fair actual cash market value or the price that the property would sell for in cash in the usual course of business."

Appellant contended the board attempted to follow the rule set forth in the *McDermott* case but it erred in two respects: (1) the board assumed appellant's iron ore had a market or sale value at its steel mill; and (2) it assumed the sale value had an element of profit in it to the appellant. Appellant further argued that the only value said iron ore had to it was for use in making finished steel products and it had no market value until it became incorporated as steel in a finished steel product which could then be sold, and the only value said ore had to appellant was its cost of mining.

During oral argument both parties agreed that the proper value to be placed upon the ore for taxation purposes was the fair market value of such ore.

Appellant's principal argument was that the value placed upon the iron ore for taxation purposes should have been its cost of mining said ore. We shall not consider whether this method could have been properly adopted by the board. As we have said previously, we think the sole question is—was the method adopted by the board proper? The only argument appellant made as to the method used by the board was that it contained a profit margin of $0.484 per ton. As we said in the *McDermott* case, the rule is well settled that the value of personal property for purposes of taxation should be estimated according to the fair actual cash market value or the price the property would sell for in the usual course of business. We think this

2. J. Ray McDermott & Co. v. Hudson, Wyo., 370 P.2d 364, 367.

includes the usual and reasonable profit to the mine operator.

There would of course be no problem if the ore was sold to other parties because the sale price could well be the actual market value, which sale price in the usual course of business would certainly contain an element of profit. Appellant does not argue that the method of determining profit by the board was in error but argued only that it was improper to include in the fair market value figure any element of profit.

As we said in Stringer v. Board of County Commissioners of Big Horn County, Wyo., 347 P.2d 197, 201:

" * * * It is the well-established rule that where the property has no market value the value must be ascertained as nearly as possible by considering facts which would have weight between persons bargaining for the property. * * *"

Certainly, one of the facts which would have weight as to the seller would be an element of profit. As was said in Bond v. State, 24 A.D.2d 778, 263 N.Y.S.2d 732, 733:

" * * * Although cost is one of several factors which may be shown as an aid and guide to the court's evaluation of the proof of market value, it is hornbook law that market value is not cost but the price which would be paid upon a sale between a willing seller and a willing buyer. * * *"

The judgment of the district court must be affirmed because it correctly determined that the board's method of valuing said iron ore was in conformity with law, was supported by substantial evidence, and was not arbitrary, capricious, nor did it represent an abuse of discretion.

Affirmed.